UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RSUI INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER P&C INSURANCE COMPANY, DISCOVER RE-MANAGERS, et al.,<br><br>Defendant. | No. 2:13-cv-00960-TLN-EFB<br><br><br><br>**ORDER** |

This matter is before the Court on Discover P&C Insurance Company and Discover Re-Managers Inc.'s ("Defendants") Motion to Dismiss Plaintiff RSUI Indemnity Company's Complaint. (ECF No. 12.) RSUI Indemnity Company ("Plaintiff") has filed an opposition to Defendants' Motion (ECF No. 15), and Defendants have replied to the opposition (ECF No. 16). For the reasons set forth below, the Court grants Defendants' motion.[1]

**I.     Background**

Defendants issued South Tahoe Refuse Company (hereinafter referred to as "Insured") a primary commercial automobile liability policy, effective April 10, 2006, through April 10, 2007. The liability limit for the policy was for one million dollars per occurrence and in

---

[1] This matter was decided without oral argument, pursuant to Eastern District of California Local Rule 230(g). (*See* Minute Order, ECF No. 17.)

1

the aggregate. (ECF No. 2 at ¶ 5.) Plaintiff issued an excess auto liability insurance policy to Insured for the policy period April 10, 2006, to April 10, 2007. (ECF No. 2 at ¶ 4.) The policy issued by Plaintiff had an excess limit from one million dollars to five million dollars. (ECF No. 2 at ¶¶ 21−22.) Plaintiff states that the policy it issued "was specifically written as excess over the [Defendants'] Policy for any and all bodily injury or property damage arising out of the Insured's use of an owned automobile." (ECF No. 2 at ¶ 6.)

On August 22, 2006, a South Tahoe Refuse Company employee, driving a company truck, struck a vehicle driven by Kimberly Abbott and injured her. (ECF No. 2 at ¶ 7.) On August 11, 2008, Ms. Abbott sued South Tahoe Refuse in *Kimberly Abbott v. South Tahoe Refuse Co., et al.*, in El Dorado County Superior Court. The complaint alleged damages arising out of the August 22, 2006, accident. (ECF No. 2 at ¶ 8.)

Insured tendered the Abbott Action to Defendants, who agreed to defend it under the Discover Policy. Defendants appointed panel counsel. (ECF No. 2 at ¶ 10.) Plaintiff was placed on notice of Ms. Abbott's claim. (ECF No. 2 at ¶ 11.) Plaintiff monitored the litigation and requested that counsel keep it informed of material developments. (ECF No. 2 at ¶ 11.) Plaintiff alleges that in June 2009, Ms. Abbott made a reasonable demand to settle her claim for an amount within the Discover policy limits, which the Defendants refused to accept.[2] (ECF No. 2 at ¶¶ 12−15). Plaintiff further contends that the Defendants failed to timely notify it of a demand to settle pursuant to Cal. Civ. Proc. Code § 998; the demand to settle was for $1.25 million, made in July of 2010. (ECF No. 2 at ¶ 18.)

In 2012, Defendants and Plaintiff settled the underlying case. Plaintiff paid $3,508,288.11 under its excess policy. Plaintiff now sues Defendants alleging that Defendants breached their duties to the insured. (ECF No. 2 at ¶¶ 24, 37, 44, 47, 48, 55−58.) Plaintiff alleges that the Defendants had a duty to effectuate settlement where liability was reasonably clear and not expose the insured to the risk of liability in excess of the primary limits of the Discover

---

[2] Defendants have moved the Court to strike certain statements contained in Plaintiff's Complaint concerning negotiations in *Kimberly Abbott v. South Tahoe Refuse Company*. (ECF No. 12.) The Court declines to strike such statements because it finds that Plaintiff's claims fail as a matter of law, and thus the issue is moot.

2

Policy. (ECF No. 2 at ¶¶ 48, 55−58.) Plaintiff has alleged liability under the following causes of action: (1) Indemnity; (2) Contribution; (3) Subrogation; and (4) Tort of Another. Plaintiff asks the Court for declaratory relief and an award of damages in the amount of $3,508,288.11.[3]

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than

---

[3] In the instant cause of action, the parties' citizenship is diverse and the amount in controversy exceeds $75,000. Thus, the Court has jurisdiction pursuant to 28 U.S.C. § 1332.
The Insured operates a waste hauling company in South Lake Tahoe, California. The event causing this action occurred within the state of California. Neither party disputes that California law governs Plaintiff's claims. As such, the Court analyzes the parties' contentions under the applicable California law.

an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's

discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622 (9th Cir. 2004)).

### III. Analysis

Plaintiff alleges that Defendants owed the Insured a duty to effectuate settlement where liability is reasonably clear and not expose the Insured to the risk of liability in excess of the primary limits of the Discover Insurance Policy. Further, Plaintiff contends that Defendants breached this duty and, therefore, Plaintiffs are owed recovery under the doctrines of indemnity, contribution, subrogation, and the tort of another. Defendants contend that all of Plaintiff's claims fail as a matter of law and, therefore, the entire Complaint should be dismissed with prejudice.[4] (Defs.' P. & A. Supp. Mot. Dismiss, ECF No. 12-1 at 10.) The Court shall address each of Plaintiff's claims.[5]

#### A. Subrogation

An insurance company "bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." *Isaacson v. California Ins. Guarantee Assn.*, 44 Cal. 3d 775, 791 (1988) (citing *Gray v. Zurich Insurance Co.*, 65 Cal. 2d 263, 276−277 (1966)). A liability insurer's duty to settle a third party claim on behalf of its insured is included within the covenant of good faith and fair dealing implied in law in every insurance contract. *Crisci v. Sec. Ins. Co. of New Haven, Conn.*, 66 Cal. 2d 425, 431 (1967); *Comunale v. Traders & General Ins. Co.*, 50 Cal. 2d 654, 658−659 (1958); *Gruenberg v. Aetna*

---

[4] In support of Defendant's motion, Defendants have submitted a copy of the insurance policy between South Tahoe Refuse Company and Defendant Discover Property and Insurance Company. (Exh. A to Dubbs Decl., ECF No. 10-2.) Plaintiff opposes the Court's consideration of these documents and asks that the Court grant a continuance to allow a reasonable opportunity to conduct discovery should the Court be inclined to consider such documents. (ECF No. 15 at 7 n.2.) The Court finds that consideration of such documents is not necessary in deciding this matter and thus declines to consider Exhibit A in making its determination.

[5] As explained in the Joint Status Report filed with the Court on July 15, 2013, Plaintiff agreed to dismiss Defendant Discover Re-Managers from the indemnity, contribution, and subrogation causes of action. (*See also* ECF No. 15 at 7 n.1.) Because the Court finds that Plaintiff's claims fail as a matter of law, it addresses all of the claims as they apply collectively to both Defendants Discover and Discover Re-Managers.

5

*Ins. Co.*, 9 Cal. 3d 566, 574 (1973). "Wrongful failure to provide coverage or defend a claim is a breach of contract." *Isaacson*, 44 Cal. 3d at 791; *see also Cal. Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 35−39 (1985). Thus, if an insurer improperly refuses to defend the insured in violation of its contractual duties, "the insured is entitled to make a reasonable settlement of the claim in good faith and may then maintain an action against the insurer to recover the amount of the settlement." *Isaacson*, 44 Cal. 3d at 791 (citing *Clark v. Bellefonte Ins. Co.*, 113 Cal. App. 3d 326, 335 (1980)).

"It has been held in California and other jurisdictions that [an] excess carrier may maintain an action against the primary carrier for wrongful refusal to settle within the latter's policy limits," based on the theory of equitable subrogation. *Commercial Union Assurance Cos. v. Safeway Stores, Inc.*, 26 Cal. 3d 912, 917 (1980) (citing *Northwestern Mut. Ins. Co. v. Farmer's Ins. Group,* 76 Cal. App. 3d 1031 (1978); *Valentine v. Aetna Ins. Co.*, 564 F.2d 292 (9th Cir. 1977); *Estate of Penn v. Amalgamated General Agencies*, 148 N.J. Super. 419 (1977)). Thus, "where there is excess coverage, the excess carrier, under the doctrine of equitable subrogation, may be subrogated to the position of the insured vis-à-vis the primary insurer's duty of good faith." *Diamond Heights Homeowners Assn. v. Nat'l Am. Ins. Co.*, 227 Cal. App. 3d 563, 579 (1991). Thus, the excess insurer is limited to the recovery available to the insured and, the primary insurer accordingly owes a duty of good faith to the excess carrier which is identical to that owed to its insured. *Id.* (citing *Commercial Union Assurance Companies*, 26 Cal. 3d at 917−918; *Signal Cos., Inc. v. Harbor Ins. Co.*, 27 Cal. 3d 359, 365 (1980)).

Defendant contends that Plaintiff's claim fails as a matter of law because "an excess insurer cannot maintain an equitable subrogation claim against a primary insurer for bad faith refusal to settle an underlying claim that did not result in an excess judgment." (ECF No. 12-1 at 8.) In response, Plaintiff alleges that the lack of a final judgment does not bar its recovery. (ECF No. 15 at 9.) The Court agrees that Plaintiff's subrogation claim cannot succeed due to the lack of a final judgment.

In *Safeco Insurance Company v. Superior Court*, 71 Cal. App. 4th 782, 788 (1999), California's First District Court of Appeal concluded that the plaintiff/assignee could not

sue the insurer in tort for its alleged bad faith refusal to settle the case until an excess judgment was rendered after a trial. In *Mercado v. Allstate Insurance Company*, Ninth Circuit discussed the rationale behind the *Safeco* court's decision:

> The reasoning behind the rule is basic fairness: an insurer that tenders a defense does no harm to its insured by declining to settle and taking its chances with a trial. If the trial results in a judgment within the policy limits, the insured is not harmed. If the trial results in a judgment in excess of the policy limits, the insured's remedy is to pursue his own action against the insurer for any bad faith refusal to settle, or to assign that cause of action to the plaintiff in exchange for a covenant not to enforce the judgment against the insured's personal assets. It is only after a litigated excess judgment is obtained that an insurer's refusal to settle becomes actionable. Were this not so, the potential for abuse is apparent.

340 F.3d 824, 827 (9th Cir. 2003) (citations and quotation marks omitted). In support of its contention that a judgment is not required, Plaintiff cites numerous cases from the 1970s to the early 1990s. *See Camelot by the Bay Condo. Owners' Assn. v. Scottsdale Ins. Co.*, 27 Cal. App. 4th 33, 48−49 (1994); *Fortman v. Safeco Insurance Company*, 221 Cal. App. 3d 1394, 1399−1400 (1990); *Twentieth Century-Fox Film Corp. v. Harbor Ins. Co.*, 85 Cal. App. 3d 105, 111−112 (1978). However, the Court finds that neither *Fortman* nor *Camelot* is indicative of the current state of the law. *See RLI Ins. Co. v. CNA Cas. of California*, 141 Cal. App. 4th 75, 79−85 (2006) (declining to follow *Fortman*); *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 613 n.4 (6th Cir. 1995) (declining to follow *Camelot*). The cases cited by Plaintiff are the minority and furthermore contradict the Ninth Circuit's 2003 decision in *Mercado*. *See Mercado*, 340 F.3d at 827. Thus, the Court is persuaded by the fact that both the Ninth Circuit and the California Appellate Court's more recent decisions follow the rule set forth in *Safeco*. *See id.*; *Wolkowitz v. Redland Ins. Co.*, 112 Cal. App. 4th 154, 163 (2003); *Finkelstein v. 20th Century Ins. Co.*, 11 Cal. App. 4th 926, 929 (1992). Also, the Court notes that California's model jury instructions are consistent with this finding as they list a monetary judgment as an element for a claim of refusal to accept a reasonable settlement within liability policy limits:

> [Name of plaintiff] claims that [he/she/it] was harmed by [name of defendant]'s breach of the obligation of good faith and fair dealing because [name of defendant] failed to accept a reasonable

7

> settlement demand in a lawsuit against [name of plaintiff]. To establish this claim, [name of plaintiff] must prove all of the following:
>
> 1. That [name of plaintiff in underlying case] brought a lawsuit against [name of plaintiff] for a claim that was covered by [name of defendant]'s insurance policy;
>
> 2. That [name of defendant] failed to accept a reasonable settlement demand for an amount within policy limits; and
>
> **3. That a monetary judgment was entered against [name of plaintiff] for a sum greater than the policy limits.**
>
> "Policy limits" means the highest amount available under the policy for the claim against [name of plaintiff]. A settlement demand is reasonable if [name of defendant] knew or should have known at the time the settlement demand was rejected that the potential judgment was likely to exceed the amount of the settlement demand based on [name of plaintiff in underlying case]'s injuries or loss and [name of plaintiff]'s probable liability.

Judicial Council of California Civil Jury Instructions (CACI) 2334: Bad Faith (Third Party)—Refusal to Accept Reasonable Settlement Within Liability Policy Limits—Essential Factual Elements (2013) (emphasis added). Accordingly, the Court finds that Plaintiff's subrogation claim is barred.

### B. Equitable Contribution

Unlike subrogation, contribution is not a derivative cause of action. Contribution "is the right to recover, not from the party primarily liable for the loss, but from a co-obligor who shares such liability with the party seeking contribution." *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279, 1293 (1998). In the insurance context, the right to contribution arises when more than one insurer is obligated to defend the same loss or claim, and one insurer has paid more than its share of the loss or defended the action without any participation by the others. *Id.* "Equitable contribution permits reimbursement to the insurer that paid on the loss for the excess it paid over its proportionate share of the obligation, on the theory that the debt it paid was equally and concurrently owed by the other insurers and should be shared by them pro rata in proportion to their respective coverage of the risk." *Id.* "The purpose of this rule of equity is to accomplish substantial justice by equalizing the common burden shared by coinsurers, and to

8

prevent one insurer from profiting at the expense of others. As a general rule, there is no contribution between a primary and an excess carrier." *Reliance Nat. Indem. Co. v. Gen. Star Indem. Co.*, 72 Cal. App. 4th 1063, 1078 (1999).

A prerequisite to recovery under this theory is that both insurance companies share the same level of obligation on the same risk. *Fireman's Fund Ins. Co.*, 65 Cal. App. 4th at 1298. An excess insurance provider and a primary insurance provider do not share the same coverage of risk. Accordingly, the majority of courts have agreed that "there is *never* any right of contribution between primary and excess carriers of the same insured." *Lexington Ins. Co. v. Sentry Select Ins. Co.*, No. CV F 08-1539LJO GSA, 2009 WL 1586938, at *17 (E.D. Cal. June 5, 2009) (emphasis in original); *see also Travelers Cas. & Sur. Co. v. Am. Equity Ins. Co.*, 93 Cal. App. 4th 1142, 1151 (2001); *Reliance Nat. Indem. Co. v. Gen. Star Indem. Co.*, 72 Cal. App. 4th 1063, 1078 (1999); *Fireman's Fund Ins. Co.*, 65 Cal. App. 4th at 1300.

Plaintiff acknowledges that it issued an excess insurance policy to the Insured and that Defendants issued the Insured's primary policy. (ECF No. 2 at ¶¶ 4−6.) Thus, Defendants contend that Plaintiff cannot recover under a theory of equitable contribution. (ECF No. 12-1 at 17−18.) Plaintiff has not cited any case law that would provide an exception to this bar. As such, the Court finds that Plaintiff cannot maintain this cause of action.

**C. Equitable Indemnification**

"'Indemnity is defined as the obligation resting on one person to make good any loss or damage another has incurred. While generally it rests on contract, it may also arise by implication as the result of equitable considerations.'" *Lexington Ins. Co. v. Sentry Select Ins. Co.*, No. CV F 08-1539LJO GSA, 2009 WL 1586938, at *18 (E.D. Cal. June 5, 2009) (quoting *Sammer v. Ball,* 12 Cal. App. 3d 607, 610 (1970)). For example, "an 'insurer may settle a claim against its insured without prejudice to its right to seek equitable indemnity from other insurers potentially liable on the same risk on the ground that, although the settling insurer's policy does not provide coverage, there is coverage under the other policies.'" *Id.* (quoting *Mitchell, Silberberg & Knupp v. Yosemite Ins. Co.,* 58 Cal. App. 4th 389, 394 (1997)).

Equitable indemnification is similar to equitable subrogation in that it enables an

9

insurer that has paid an obligation which was entirely the responsibility of a co-insurer to place the complete burden for the loss on that other party. *Fireman's Fund Ins. Co. v. Commerce & Indus. Ins. Co.* (*Commerce & Indus. Ins. Co.*), No. C-98-1060VRW, 2000 WL 1721080, at *3 (N.D. Cal. Nov. 7, 2000); *see also* 15 Couch on Ins. § 217:5 ("Indemnification is distinguishable from subrogation in that the person seeking indemnification does so in his or her own right, while in the latter the subrogee succeeds to another's right to payment.").

Defendants contend that Plaintiff's claim fails as a matter of law because excess insurers are limited to equitable subrogation when seeking reimbursement from a primary insurer and cannot proceed under a theory of equitable indemnity. (ECF No. 12-1 at 17.) In response, Plaintiff cites *Progressive Casualty Insurance Company v. Peerless Insurance Company*, No. CV-F-06-1113-LJO-SMS, 2007 WL 1655790 (E.D. Cal. June 7, 2007), in support of its contention that it may recover under the theory of equitable indemnity. The Court finds Plaintiff's reliance on *Progressive* misplaced.

Generally, excess insurers are limited to equitable subrogation when seeking reimbursement from a primary insurer and cannot proceed under a theory of equitable indemnity. *See Am. Alternative Ins. Corp. v. Hudson Specialty Ins. Co.*, No. EDCV 12-0622 JGB, 2013 WL 1389966, at *8−9 (C.D. Cal. Apr. 3, 2013); *Commerce & Indus. Ins. Co.*, 2000 WL 1721080, at *5; *see also Fireman's Fund Ins. Co. v. Maryland Cas. Co*., 21 Cal. App. 4th 1586, 1600 (1994) ("California cases which have upheld an excess insurer's right to sue a primary insurer have concluded such right devolves by subrogation to the insured's rights against the primary carrier, rather than by reason of some independent duty."). In *Progressive*, the Court allowed Peerless, the excess liability insurance company, to recover from Progressive, the primary insurance carrier where Peerless defended a party not insured under the excess policy. *Progressive*, 2007 WL 1655790, at *5. Thus, the court found that Progressive owed Peerless the costs of defending Progressive's insured. This exception to the general rule does not apply to the instant case because Plaintiff did not defend a party excluded from its own policy. As such, the Court finds that Plaintiff's claim fails as a matter of law.

**D. Tort of Another**

Plaintiff alleges the claim of tort of another. A person who through the tort of another has been required to protect his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney fees, and other expenditures thereby suffered or incurred. *See PacifiCare of Cal. v. Bright Med. Associates, Inc.*, 198 Cal. App. 4th 1451, 1466 n.6 (2011) (citing *Prentice v. North Amer. Title Guar. Corp.*, 59 Cal. 2d 618, 620−21 (1963)). In order to recover under such a claim, the following elements must be present: (1) Plaintiff must have incurred attorneys' fees in the prosecution or the defense of a prior action; (2) the litigation must have been against a third party and not against the defendant in the present action; and (3) Plaintiff must have become involved in such litigation because of some tortious act of the defendant in the presentation. *See* 45 A.L.R.2d 1183 § 1. Thus, recovery requires a tortious act to have been committed. *See Generally Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1041−42 (N.D. Cal. 2004).

In the instant case, the tort Plaintiff alleges was committed by the Defendants was the tort of bad faith refusal to settle within the insurance policy limits.[6] A necessary element of said tort is that a final judgment be awarded in excess of the policy limit. Plaintiff cannot prove that element of its tort claim because, as was previously mentioned herein, a final judgment was not awarded. As such, Plaintiff cannot maintain a cause of action for tort of another.

**E. Declaratory Relief**

Finally, in Plaintiff's Complaint, Plaintiff alleges that it was entitled to judicial determination of the respective rights and obligations of Plaintiff and Defendants. (ECF No. 2 at ¶ 65.) This claim for relief is predicated on a finding that Defendants breached their duties to the Insured because they failed to settle Insured's underlying claim earlier for a lower settlement figure. However, based on the Court's analysis herein, Plaintiff cannot show that Defendants

---

[6] The requisite elements of a claim for bad faith refusal to settle include: (1) that a plaintiff brought a lawsuit against an insured for a claim that was covered by the insured's insurance policy; (2) that the insurance company failed to accept a reasonable settlement demand for an amount within policy limits; and (3) that a monetary judgment was entered against the insured for a sum greater than the policy limits. *See* 2 Witkin, Summary 10th (2005) Insurance , § 257, p. 381.

have breached such duty.  Therefore, because Plaintiff's subrogation, indemnity, contribution and tort of another claims fail as a matter of law, the Court cannot grant Plaintiff the declaratory relief that it seeks.

### IV.    Conclusion

For the foregoing reasons, the Court finds that all of Plaintiff's claims against Defendants fail as a matter of law and thus GRANTS Defendants' Motion to Dismiss (ECF No. 12.)  Thus, the Court hereby dismisses all of Plaintiffs claims' against Defendants with leave to amend.  Should Plaintiff fail to file an amended complaint within fourteen (14) days of the entry of this order, this case shall be CLOSED.

IT IS SO ORDERED.

Dated: September 23, 2013

Troy L. Nunley
United States District Judge