UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RSUI INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER P&C INSURANCE COMPANY, DISCOVER RE-MANAGERS, et al.,<br><br>Defendant. | No. 2:13-cv-00960-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Discover P&C Insurance Company and Discover Re-Managers Inc.'s (hereinafter collectively referred to as "Defendants") Motion to Dismiss Plaintiff RSUI Indemnity Company's First Amended Complaint.[1] (ECF No. 20.) RSUI Indemnity Company (hereinafter referred to as Plaintiff) has filed an opposition to Defendants' Motion (ECF No. 21), and Defendants have replied to the opposition (ECF No. 22). For the reasons set forth below, the Court GRANTS Defendants' MOTION to Dismiss (ECF No. 20).[2]

**I.     Background**

Defendants issued South Tahoe Refuse Company (hereinafter referred to as

---

[1] Plaintiff's original complaint was dismissed by this Court pursuant to Defendants' previous motion to dismiss. (*See* Order, ECF No. 18.)

[2] This matter was decided without oral argument, pursuant to Eastern District of California Local Rule 230(g). (*See* Minute Order, ECF No. 23.)

1

1    "Insured") a primary commercial automobile liability policy, effective April 10, 2006, through
2    April 10, 2007.  (First Am. Compl., ECF No. 19 at ¶ 4.)  Plaintiff issued an excess auto liability
3    insurance policy to Insured for the policy period April 10, 2006, to April 10, 2007.  (ECF No. 2 at
4    ¶ 3.)  Plaintiff states that the policy "was specifically written as excess over the [Defendants']
5    Policy for any and all bodily injury or property damage arising out of the Insured's use of an
6    owned automobile."  (ECF No. 19 at ¶ 5.)

7    On August 22, 2006, a South Tahoe Refuse Company employee, driving a
8    company truck, struck a vehicle driven by Kimberly Abbott and injured her.  (ECF No. 19 at ¶ 6.)
9    On August 11, 2008, Ms. Abbott sued South Tahoe Refuse in *Kimberly Abbott v. South Tahoe*
10   *Refuse Co., et al.*, in El Dorado County Superior Court.  The complaint alleged damages arising
11   out of the August 22, 2006, accident.  (ECF No. 19 at ¶ 7.)

12   Insured tendered the Abbott Action to Defendants, which agreed to defend it under
13   the Discover Policy.  (ECF No. 19 at ¶ 9.)  Defendants appointed counsel to defend the Insured's
14   interests.  (ECF No. 19 at ¶ 9.)  Plaintiff was placed on notice of Ms. Abbott's claim.  (ECF No.
15   19 at ¶ 10.)  Plaintiff monitored the litigation and requested that counsel keep it informed of
16   material developments.  (ECF No. 19 at ¶ 10.)  Plaintiff alleges that in June 2009, Ms. Abbott
17   made a demand to settle her claim for an amount within the Discover primary policy limits, which
18   the Defendants refused to accept. (ECF No. 19 at ¶¶ 12−17).

19   In 2012, Defendants and Plaintiff settled the underlying case, resulting in Plaintiff
20   paying $3,508,288.11 under its excess policy.  Plaintiff now sues Defendants alleging that
21   Defendants breached their duties to the Insured.  (ECF No. 19 at ¶¶ 20−21.)  Plaintiff alleges that
22   the Defendants had a duty to effectuate settlement where liability was reasonably clear and not
23   expose the Insured to the risk of liability in excess of the primary limits of the Discover Policy.
24   (ECF No. 19 at ¶ 27.)  Plaintiff contends that it is entitled to indemnity from Defendant Discover
25   under principles of subrogation for all amounts that Plaintiff paid as the Insured's excess insurer,
26   because it would not have paid these amounts but for Defendant Discover's breach of its duties to
27   the Insured.  (ECF No. 19 at ¶ 26.)

28

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622 (9th Cir. 2004)).

**III.     Analysis**

Plaintiff alleges that Defendants owed the Insured a duty to effectuate settlement where liability is reasonably clear and not expose the Insured to the risk of liability in excess of the primary limits of the Discover Insurance Policy. Further, Plaintiff contends that Defendants

4

breached this duty and, therefore, Plaintiffs are owed recovery under the doctrine of subrogation.

An insurance company "bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." *Isaacson v. California Ins. Guarantee Assn.*, 44 Cal. 3d 775, 791 (1988) (citing *Gray v. Zurich Insurance Co.*, 65 Cal. 2d 263, 276−277 (1966)). A liability insurer's duty to settle a third party claim on behalf of its insured is included within the covenant of good faith and fair dealing implied in law in every insurance contract. *Crisci v. Sec. Ins. Co. of New Haven, Conn.*, 66 Cal. 2d 425, 431 (1967); *Comunale v. Traders & General Ins. Co.*, 50 Cal. 2d 654, 658−659 (1958); *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 574 (1973). "Wrongful failure to provide coverage or defend a claim is a breach of contract." *Isaacson*, 44 Cal. 3d at 791; *see also Cal. Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 35−39 (1985). Thus, if an insurer improperly refuses to defend the insured in violation of its contractual duties, "the insured is entitled to make a reasonable settlement of the claim in good faith and may then maintain an action against the insurer to recover the amount of the settlement." *Isaacson*, 44 Cal. 3d at 791 (citing *Clark v. Bellefonte Ins. Co.*, 113 Cal. App. 3d 326, 335 (1980)).

"It has been held in California and other jurisdictions that [an] excess carrier may maintain an action against the primary carrier for wrongful refusal to settle within the latter's policy limits," based on the theory of equitable subrogation. *Commercial Union Assurance Cos. v. Safeway Stores, Inc.*, 26 Cal. 3d 912, 917 (1980) (citing *Northwestern Mut. Ins. Co. v. Farmer's Ins. Group,* 76 Cal. App. 3d 1031 (1978); *Valentine v. Aetna Ins. Co.*, 564 F.2d 292 (9th Cir. 1977); *Estate of Penn v. Amalgamated General Agencies*, 148 N.J. Super. 419 (1977)). "Where there is excess coverage, the excess carrier, under the doctrine of equitable subrogation, may be subrogated to the position of the insured vis-à-vis the primary insurer's duty of good faith." *Diamond Heights Homeowners Assn. v. Nat'l Am. Ins. Co.*, 227 Cal. App. 3d 563, 579 (1991). Thus, the excess insurer is limited to the recovery available to the insured and, the primary insurer accordingly owes a duty of good faith to the excess carrier which is identical to that owed to its insured. *Id.* (citing *Commercial Union Assurance Companies*, 26 Cal. 3d at 917−918; *Signal Cos., Inc. v. Harbor Ins. Co.*, 27 Cal. 3d 359, 365 (1980)).

Defendant contends that Plaintiff's claim fails as a matter of law and that Plaitiff's FAC fails because it seeks to re-litigate an issue already decided by this Court. (ECF No. 20-1 at 7.) In response, Plaintiff seeks to distinguish the line of cases this Court relied on in its previous order, in which the Court determined that Plaintiff's claim was barred. Plaintiff essentially argues that this Court should not follow *Mercado v. Allstate Insurance Company*, 340 F.3d 824, 827 (9th Cir. 2003), and its predecessors[3] because these cases contemplated situations in which the parties had entered into a stipulated judgment with a covenant not to execute as opposed to the settlement at issue in this case. (ECF No. 21 at 11–12.) In *Mercado*, the Ninth Circuit echoed the California First District Court of Appeal's holding in *Saefco* and held that a stipulated judgment did not suffice as evidence as to the unreasonableness of a settlement offer, and thus an excess judgment was required for a claim for wrongful refusal to settle. *Mercado*, 340 F.3d 826–27. Plaintiff has not shown how differences associated with a stipulated judgment differ enough from the settlement at issue here to warrant a different result. Moreover, this distinction is not addressed in California's model jury instructions which are consistent with the finding that a monetary judgment is an element for a claim of refusal to accept a reasonable settlement within liability policy limits.[4] Thus, the Court finds that Plaintiff has not met its burden of showing that a distinction is warranted and thus follows the Ninth Circuit and the California Supreme Court's more recent decisions which employ the rule set forth in *Safeco*. *See id.*; *Hamilton v. Maryland Cas. Co.*, 27 Cal. 4th 718, 733, 41 P.3d 128 (2002); *Wolkowitz v. Redland Ins. Co.*, 112 Cal. App.

---

[3]     *See Safeco Ins. Co. v. Superior Court*, 71 Cal. App. 4th 782 (1999); *RLI Ins. Co. v. CNA Cas. of California*, 141 Cal. App. 4th 75 (2006); *Hamilton v. Md. Cas. Co*., 27 Cal. 4th 718, 722 (2002); *Wolkowitz v. Redland Ins. Co*., 112 Cal. App. 4th 154 (2003).

[4]     Judicial Council of California Civil Jury Instructions (CACI) 2334: Bad Faith (Third Party)—Refusal to Accept Reasonable Settlement Within Liability Policy Limits—Essential Factual Elements (2013) reads as follows: [Name of plaintiff] claims that [he/she/it] was harmed by [name of defendant]'s breach of the obligation of good faith and fair dealing because [name of defendant] failed to accept a reasonable settlement demand in a lawsuit against [name of plaintiff]. To establish this claim, [name of plaintiff] must prove all of the following:
1. That [name of plaintiff in underlying case] brought a lawsuit against [name of plaintiff] for a claim that was covered by [name of defendant]'s insurance policy;
2. That [name of defendant] failed to accept a reasonable settlement demand for an amount within policy limits; and
3. That a monetary judgment was entered against [name of plaintiff] for a sum greater than the policy limits.
"Policy limits" means the highest amount available under the policy for the claim against [name of plaintiff]. A settlement demand is reasonable if [name of defendant] knew or should have known at the time the settlement demand was rejected that the potential judgment was likely to exceed the amount of the settlement demand based on [name of plaintiff in underlying case]'s injuries or loss and [name of plaintiff]'s probable liability.)

4th 154, 163 (2003); *Finkelstein v. 20th Century Ins. Co.*, 11 Cal. App. 4th 926, 929 (1992). Accordingly, the Court finds that Plaintiff's subrogation claim is barred.

### IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff's claim against Defendants fails as a matter of law and thus GRANTS Defendants' Motion to Dismiss. (ECF No. 20.) Accordingly, Plaintiff's claim is DISMISSED WITH PREJUDICE, and this case shall be CLOSED.

IT IS SO ORDERED.

Dated: April 15, 2014

Troy L. Nunley
United States District Judge